OPINION
On September 26, 1998, William Cotopolis, Sr., the father of the victim William Cotopolis, Jr., discovered two young men at his son's home. The men were standing on the deck, and peering into the house. The men left the home in a vehicle whose license plate was registered to Marian Tucker, appellant's mother. At 11:00 a.m. on November 5, 1998, appellant Eric Thomas Tucker and three other men arrived at the Cotopolis residence to burglarize the home. Upon arriving at the house, the men quickly assured themselves that no one was present, and entered the home. Appellant and the others ransacked the home in search of valuables, and ate food from the refrigerator. However, while they were still present in the house, Mr. Cotopolis came home. When Cotopolis arrived at home, he noticed a strange vehicle parked in his driveway. He was almost immediately confronted by appellant, who was attempting to flee. Appellant was carrying a .38 Smith Wesson special, which three men had stolen earlier that day from a home in Portage County. Appellant fired the weapon at almost point-blank range into Cotopolis' chest. Cotopolis turned and ran; appellant continued to fire at Cotoplis. Another of the men joined appellant, and began to fire his .22 caliber Ruger semi-automatic at Cotopolis. Appellant and the others then left the home, leaving the wounded Cotopolis in the front yard. Cotopolis managed to struggle into his house and call for help. Cotopolis survived the attack. Appellant was indicted by the Stark County Grand Jury with one count of aggravated burglary (R.C. 2911.11), one count of attempted murder (R.C. 2923.02), and one count of aggravated robbery (R.C. 2911.01), with firearm specifications accompanying each count. Appellant entered a plea of guilty in the Stark County Common Pleas Court. The court accepted the plea, convicted appellant as charged, and ordered a pre-sentence investigation. At the sentencing hearing, the court detailed the facts and circumstances of the case, relying on the pre-sentence investigation, the victim impact statements, the statements of the defendants, the lab reports, and photographs. The court then articulated its reasons for imposing an aggregate sentence of twenty-one years of incarceration. The twenty-one year sentence consisted of: eight years incarceration for aggravated burglary, ten years incarceration for attempted murder, ten years incarceration for aggravated robbery, and three years for each firearm specification. The sentences for attempted murder and aggravated robbery ran concurrently with each other, but consecutively to the aggravated burglary sentence. The court merged the three firearm specifications into one count, and ordered appellant to serve a mandatory term of three years, running consecutively and prior to the sentences on the underlying offenses. Appellant filed the instant appeal of the sentence pursuant to R.C. 2953.08:
 ASSIGNMENT OF ERROR
THE TRIAL COURT ERRED IN SENTENCING APPELLANT IN VIOLATION OF REVISED CODE SECTION 2953.08, 2929.14.
Appellant argues that the court erred in imposing the maximum sentence, and in ordering the sentences to run consecutively. Appellant does not challenge the facts relied upon by the court in justifying the sentence. Rather, appellant challenges the manner in which the court weighed the facts. Appellant argues that the crime occurred during the daytime, and he and his co-defendants took steps to insure that no one would be present in the home. He argues that there was no evidence that he was the leader of the group, and because he was on drugs at the time the crime was committed, he was more likely to be a follower. He argues that the court unfairly criticized their lack of organization and planning, as the court found that their planned escape route was from the same area where Mr. Cotopolis came home. He also argues that the court erred in relying on a finding that appellant was engaged in organized crime, as the term "organized crime" refers to an organized criminal operation, and not the type of crime appellant and his friends were involved with. R.C. 2929.14 (C) regulates a court's imposition of a maximum sentence: (C) Except as provided in division (G) of this section or in Chapter 2925 of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D) (3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
R.C. 2929.14 (E) (4) provides for imposition of consecutive sentences: (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following: (a) the offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense. (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct. (c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
The court found that the aggravated burglary conviction was not the worst form of the offense, and accordingly did not sentence appellant to the maximum term of incarceration. However, as to aggravated robbery and attempted murder, the court did sentence appellant to the maximum sentence of ten years. The court based this sentence on a finding that these convictions were the worst form of the offense, and that appellant had a great likelihood of committing future crimes, as indicated by the facts of this case and his behavior prior to engaging in the conduct underlying the instant case. The court based its reasoning on the specific events underlying the case. The court noted that while they ensured that no one was home, and the crime occurred during daylight, there are a number of events that could cause a homeowner to return early, which is what happened on the date in question. When Mr. Cotopolis came home, there was no attempt to leave or escape in a direction other than the direction from which he came. When confronted with Mr. Cotopolis, appellant immediately began shooting him at near point-blank range. When Mr. Cotopolis turned to run away, appellant continued to shoot him in the back. The court further noted that by completely trashing the house, appellant and his friends demonstrated utter disregard for the Cotopolis family, personifying the ultimate disrespect. Tr. 9-12. The phrase "worst forms of the offense" contains a subjective component, as what is the worst form of the offense to one person may not necessarily be the worst form to another. However, based on the facts in the instant case, we cannot find that the court erred in concluding that this was the worst form of the offense. As for the consecutive sentencing, the court found that consecutive sentences were appropriate to protect the public and to punish the offender, as a concurrent sentence would be insufficient to appropriately punish appellant. The court noted that the victim suffered serious physical, psychological, and economic harm. Further, the court noted that recidivism was likely with regards to appellant because of prior adjudications of delinquency, failure to respond favorably in the past to criminal sanctions, a history of drug and alcohol abuse that was unresolved, and his lack of remorse at the time the crimes were committed. This reasoning was sufficient to justify the court's imposition of consecutive sentencing. The assignment of error is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.
By Gwin, P.J., Hoffman, J., and Edwards, J., concur